AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1    TXND Mod - 09/28/04

OCT 24 2005

# UNITED STATES DISTRICT COURT
CLERK, U.S. DISTRICT COURT
By _____

Northern  District of  Texas - Dallas Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| V. | |
| RAMON PEREZ | Case Number: 3:04-CR-178-K (01) |
| | USM Number: 32468-177 |
| | Joe Kendall & Douglas D. Mulder |
| | Defendant's Attorney |

**THE DEFENDANT:**

☐ pleaded guilty to count(s) _____

☐ pleaded guilty to count(s) before a U.S. Magistrate Judge, which was accepted by the court. _____

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☑ was found guilty on count(s)  **1 & 2 of superseding indictment filed August 24, 2004**  after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 21 USC § 846 (21 USC § 841(a)(1) & (b)(1)(A)(viii)) & 21 USC 851 | Conspiracy to Distribute Methamphetamine - Enhanced | August 24, 2004 | 1 |
| 18 USC § 924(c)(1) (A)(i) & (c)(1)(B)(ii) | Firearms Possessed in Furtherance of a Drug Trafficking Crime and/or Carried and in Relation to a Drug Trafficking Crime | May 4, 2004 | 2 |

The defendant is sentenced as provided in pages 2 through __7__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

October 13, 2005
Date of Imposition of Judgment

_____
Signature of Judge

**Ed Kinkeade, United States District Judge**
Name and Title of Judge

October 24, 2005
Date

AO 245B    (Rev. 12/03) Judgment in Criminal Case
          Sheet 2 — Imprisonment   TXND Mod - 9/28/04

Judgment — Page __2__ of __7__

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

## IMPRISONMENT

Pursuant to the Sentencing Reform Act of 1984, but taking the Guidelines as advisory pursuant to United States v. Booker, and considering the factors set forth in 18 U.S.C. Section 3553(a), the defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: **life without the possibility of release for count 1 and three hundred sixty (360) months for count 2 to run consecutively to the sentence imposed for count 1.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
  ☐ at _____ ☐ a.m. ☐ p.m. on _____ .
  ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
  ☐ before _____ on _____ .
  ☐ as notified by the United States Marshal.
  ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:



Defendant delivered on _____ to _____
a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
           Sheet 3 — Supervised Release

Judgment—Page __3__ of __7__

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of : **ten (10) years for count 1 and five (5) years for count 2 to run concurrently.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the probation officer. (Check, if applicable.)

☐ The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 12/03) Judgment in a Criminal Case
         Sheet 3A — Supervised Release

Judgment—Page __4__ of __7__

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

# ADDITIONAL SUPERVISED RELEASE TERMS

While on supervised release, the defendant shall not commit another federal, state or local crime and shall not illegally possess a controlled substance.

The defendant shall cooperate in the collection of DNA as directed by the U. S. Probation Officer, as authorized by the Justice for All Act of 2004.

As a condition of supervised release, upon completion of his term of imprisonment, the defendant is to be surrendered to a duly-authorized immigration official for deportation in accordance with the established procedures provided by the Immigration and Nationality Act, 8 U.S.C. § 1101 et seq.  As a further condition of supervised release, if ordered deported or removed, the defendant shall remain outside the United States.

In the event the defendant is not deported immediately upon release from imprisonment, or should the defendant ever be in the United States during any portion of his term of supervised release, he shall also comply with the standard conditions recommended by the U. S. Sentencing Commission and shall comply with the following additional conditions:

1. The defendant shall not possess a firearm as defined in 18 U.S.C. § 921.

2. The defendant shall report in person to the U. S. Probation Office in the district to which the defendant is released from custody of the Federal Bureau of Prisons, or in which the defendant makes entry into the United States, within 72 hours of release or entry.

3. The defendant shall provide to the U. S. Probation Officer any requested financial information.

4. The defendant shall participate in a program approved by the U. S. Probation Office for treatment of narcotic, drug or alcohol dependency which will include testing for the detection of substance use or abuse.  The defendant shall abstain from the use of alcohol and/or all other intoxicants during and after completion of treatment. The defendant shall contribute to the costs of services rendered (co-payment) at a rate of at least $25 per month.

5. The defendant shall participate in mental health treatment services as directed by the U. S. Probation Officer until successfully discharged.  These services may include prescribed medications by a licensed physician.  The defendant shall contribute to the costs of services rendered (co-payment) at a rate of at least $25 per month.

AO 245B      (Rev. 12/03) Judgment in a Criminal Case
             Sheet 5 — Criminal Monetary Penalties

                                                                                                                     Judgment — Page   5   of   7

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | **Assessment** | **Fine** | **Restitution** |
|--------|----------------|----------|-----------------|
| TOTALS | $ 200          | $        | $               |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|-------------------|-----------------|-------------------------|----------------------------|
|                   |                 |                         |                            |

| TOTALS | $ | $ |
|--------|---|---|

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ☐ the interest requirement is waived for the  ☐ fine   ☐ restitution.
    ☐ the interest requirement for the  ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

Judgment — Page __6__ of __7__

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

A ☐ Lump sum payment of $ _____ due immediately, balance due

   ☐ not later than _____ , or
   ☐ in accordance  ☐ C,  ☐ D,  ☐ E, or  ☐ F below; or

B ☐ Payment to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

   **The defendant shall pay to the United States a special assessment of $200, for Counts 1 and 2, which shall be due immediately. Said special assessment shall be made to the Clerk, U. S. District Court.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

   Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States: See Sheet 6B.
   **1) The residence located and situated at 3880 Walnut Hill Lane, Dallas, Dallas County, Texas and more particularly described as being Lot 22, in Block 2/6220, of Valley Ridge Addition, an addition to the City of Dallas, Texas, according to the map thereof recorded in volume 15, page 339, of the Map Records of Dallas County, Texas, including any and all buildings, appurtenances and improvements thereon and any and all surface and sub-surface rights, title and interests, if any.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

DEFENDANT: **RAMON PEREZ**
CASE NUMBER: **3:04-CR-178-K (01)**

Judgment—Page __7__ of __7__

# ADDITIONAL FORFEITED PROPERTY

2. The condominium located and situated at 3901 Travis, No. 100, Dallas, Texas, and more particularly described as Unit No. 100, Building A, of The Parks on Travis Condominiums, a Condominium Regime in the City of Dallas, Texas, together with an undivided 0.016% interest in the common elements according to the Declaration recorded in Volume 2003230, Page 00046, Condominium Records of Dallas County, Texas.

3. The condominium located and situated at 3901 Travis, No. 102, Dallas, Texas, and more particularly described as Unit No. 102, Building A, of The Parks on Travis Condominiums, a Condominium Regime in the City of Dallas, Texas, together with an undivided 0.012% interest in the common elements according to the Declaration recorded in Volume 2003230, Page 00046, Condominium Records of Dallas County, Texas.

4. The residence located and situated at 1206 Mackie Drive, Carrollton, Denton County, Texas, and more particularly described as Lot 17, Block 2, Woodgate, an addition in Carrollton, Denton County, Texas, according to the map or plat thereof recorded in cabinet B, page 218, plat records of Denton County, Texas, including any and all buildings, appurtenances and improvements thereon and any and all surface and sub-surface rights, title and interests, if any.

5. One 2004 Chevrolet Corvette, VIN 1G1YY12S545102248, Texas license W88-BFG.

6. One 2003 Cadillac Escalade, VIN 3GYEK63N13G340049, Texas license 7PP-X84.

7. Eleven thousand two hundred twenty dollars ($11,220.00) in United States currency.

8. a Heckler & Koch, Model Mark 23, .45 caliber pistol, serial number 23-6072.

9. an Ingram .45 caliber fully automatic machinegun, serial number 001861.

It is further ordered that all right, title and interest to the property described above is hereby condemned, forfeited and vested in the United States of America and shall be disposed of according to law.

# CLOSED

**CASE #**   3:04-CR-178-K (01)

**DATE**   10 / 24 / 05

**TRIAL**   **YES** ___   **NO** ✓